# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---:|
| VERSUS | No. 17-192 |
| RYAN SCOTT | SECTION I |

## ORDER & REASONS

On August 13, 2017, defendant Ryan Scott ("Scott") allegedly set fire to the exterior of 713 Woodland Drive in Laplace, Louisiana, a property consisting of rental apartments. Soon after, Scott was charged by indictment with violating 18 U.S.C. § 844(i), which makes it a crime to maliciously damage or destroy, or attempt to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. Scott now moves to dismiss the indictment against him, arguing that the intrastate rental of a residential property is insufficient to establish jurisdiction under the statute. Scott's motion to dismiss is denied.

In *Russell v. United States*, 471 U.S. 858 (1985), the United States Supreme Court determined that § 844(i) encompasses the burning of rental properties. Recognizing that, in enacting § 844(i), Congress intended to exercise its full power under the Commerce Clause, the Court noted that rental of real estate is "unquestionably" an activity that affects commerce. *Id.* at 859, 862. The Court further observed that "[t]he congressional power to regulate the class of activities that constitute the rental market for real estate includes the power to regulate individual

activity within that class." *Id.* at 862. Thus, because the property at issue was being rented to tenants at the time Russell attempted to destroy it, the property was "being used in an activity affecting commerce within the meaning of § 844(i)." *Id.* In effect, the Court "found dispositive the existing 'commercial market' in rental property as the justification for congressional power to criminalize ostensibly local arson." *Groome Resources Ltd., LLC v. Parish of Jefferson*, 234 F.3d 192, 207 (5th Cir. 2000).

The *Russell* holding was affirmed in *Jones v. United States*, 529 U.S. 848 (2000), in which the Court drew a distinction between the destruction of rental property and "property occupied and used by its owner not for any commercial venture, but as a private residence." *Id.* at 854. Jones argued that "§ 844(i), when applied to the arson of a private residence, exceeds the authority vested in Congress under the Commerce Clause of the Constitution." *Id.* at 851–52. Framing the inquiry as one "into the function of the building itself, and then a determination of whether that function affects interstate commerce," *id.* at 854, the Court found itself "[s]atisfied that § 844(i) does not reach an owner-occupied residence that is not used for any commercial purpose." *Id.* at 852.

In both *Russell* and *Jones*, "congressional authority for regulation rested on the rental or commercial use of the property." *Groome Resources*, 234 F.3d at 207. In the instant case, the property to which Scott purportedly set fire was made up of apartment units that were being leased to tenants—*i.e.*, the property was part of the rental market. *Russell*, therefore, controls, and because Scott's alleged conduct falls within the ambit of § 844(i), his motion to dismiss the indictment must be denied.

2

Scott nevertheless insists that the indictment against him should be dismissed, because the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), undermine its holdings in *Russell* and *Jones*. But neither *Lopez* nor *Morrison* casts any real doubt on *Russell* or *Jones*.

Unlike the Gun-Free School Zones Act at issue in *Lopez* and the Violence Against Women Act challenged in *Morrison*, § 844(i) contains an explicit jurisdictional element, one that limits the statute's reach to conduct affecting property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. Further, as the *Russell* Court squarely held, the renting of property is "unquestionably" an economic activity affecting interstate commerce. Thus, the damaging or destroying of such property by fire or explosive is sufficient to satisfy § 844(i), which constitutionally regulates the destruction of rental property. *Lopez* and *Morrison* compel no different conclusion. *See Groome Resources*, 234 F.3d at 206 ("The Supreme Court has recently ratified our understanding of both the commercial and interstate nature of renting real property. The Court's decisions in [*Jones* and *Russell*] make clear that renting and otherwise using housing for commercial purposes implicates the federal commerce power."); *see also United States v. Forsythe*, No. 17-1019, 2017 WL 4547371, at *4 (3d Cir. Oct. 12, 2017) ("Indeed, this case is decidedly different from the criminalization of gun possession and gender-motivated violence at issue in *Lopez* and *Morrison*, respectively, because as *Russell* explained, there cannot be any doubt that renting property is economic activity and because § 844(i) has a jurisdictional element.").

Moreover, even assuming Scott's arguments were correct, this Court is nonetheless bound to follow *Russell*, which is directly applicable to the present case. *See United States v. Thomas*, 157 F.3d 900 (5th Cir. 1998) ("But *Lopez* [and *Morrison*] do[] not purport to overrule *Russell*, and, while we will not expand *Russell* or read it broadly . . . if *Russell* is to be significantly narrowed or overruled that must be done by the Supreme Court, not this Court."); *see also Forsythe*, 2017 WL 4547371, at *4 ("Because *Russell* is directly on point and the Supreme Court has never expressly overruled it, we must follow it. Even if we could consider whether *Lopez*, *Morrison*, and *Jones* eroded *Russell*, we would conclude that *Russell* remains correct.").

Accordingly,

**IT IS ORDERED** that Scott's motion to dismiss the indictment is **DENIED**.

New Orleans, Louisiana, March 7, 2018.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**